UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


ALLIANCE PAYMENT TECHNOLOGIES, INC.,

    Plaintiff,

v.                                                CASE NO: 8:09-cv-211-T-26TGW

BAY CITIES BANK,

    Defendant.
    _____/


**O R D E R**

Before the Court is Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. (Dkt. 4.) After careful consideration of the motion for temporary restraining order, the declaration of Paul G. Hook, the applicable law, and the file, the Court concludes that the motion should be denied.

Plaintiff is a third-party service provider which provides Automated Clearing House processing platform to clients who wish to set up recurring billing accounts, payroll payment through direct deposits, and check acceptance via secure website gateways. Defendant is the bank that acts as the Originating Depository Financial Institution (ODFI). This lawsuit was filed when the bank froze the assets of Plaintiff on February 4, 2009, after it terminated the contract between them. The frozen assets being held by the bank include $13,000,000.00 of which approximately 80% is payroll for

Plaintiff's customers that should have been transferred on February 4, 2009. Also, $207,000.00 of the frozen assets represents monies held in Plaintiff's operation accounts.

The contract at issue in this case, the ODFI/Third-Party Sender Agreement, governs the parties' relationship with respect to the monies held by the bank in the accounts of Plaintiff. The Complaint in this action seeks relief pursuant to this contract in two counts: (1) breach of contract; and (2) breach of the implied covenant of good faith and fair dealing, another contract theory. (Dkt. 1.) In the motion for temporary restraining order, Plaintiff seeks injunctive relief to prohibit the bank from continuing to freeze Plaintiff's bank accounts or withhold funds. Plaintiff seeks injunctive relief to require the bank to immediately process all files sent by Plaintiff prior to the termination letter of February 4, 2009, and to continue processing with Plaintiff for a period of time sufficient to permit Plaintiff to transition to a new ODFI.

Although Plaintiff urges that monetary damages cannot fully compensate Plaintiff and the harm caused to Plaintiff's customers and their employees, case law makes it clear that the extraordinary remedy of injunctive relief is unavailable in situations in which there is an adequate remedy at law. See Weaver v. Florida Power & Light Co., 172 F.3d 771, 773 (11th Cir. 1999) (citing Rosen v. Cascade Int'l, Inc., 21 F.3d 1520, 1527 (11th Cir. 1994), which states the axiom that cases seeking monetary damages do not fall within the jurisdiction of equity). By the very nature of the lawsuit, one for breach of contract, the case necessarily contemplates an adequate remedy of law afforded by the damages under the contractual terms. Moreover, Plaintiff has failed to convince the Court that one

of the most important prongs of the four-pronged test for achieving the entry of injunctive relief - the substantial likelihood that Plaintiff will ultimately prevail on the merits - has been satisfied in this case. Accordingly, the motion for temporary restraining order and preliminary injunction must be denied.

It is therefore **ORDERED AND ADJUDGED** that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. 4) is **DENIED.**

**DONE AND ORDERED** at Tampa, Florida, on February 10, 2009.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record